# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 15-51081 c/w 15-51100
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO RODRIGUEZ-ALVAREZ,

Defendant-Appellant

—————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-50-1
USDC No. 2:14-CR-1661-1

—————

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Francisco Rodriguez-Alvarez appeals the 78-month term of imprisonment imposed for his conviction of being found in the United States without permission, following removal and the consecutive 18-month term of imprisonment imposed following the revocation of his supervised release for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior illegal reentry offense.  He argues that the combined sentences are greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Because Rodriguez-Alvarez did not object to the reasonableness of either sentence in the district court, we will review the sentences for only plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).[1]  To show plain error, Rodriguez-Alvarez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Because Rodriguez-Alvarez's sentence for the illegal reentry offense fell within his advisory sentencing guidelines range and Rodriguez-Alvarez's revocation sentence fell within the range recommended by the guidelines policy statements, both are subject to a presumption of reasonableness.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).  Rodriguez-Alvarez argues that the sentence imposed for his illegal reentry offense should not be accorded a presumption of reasonableness because the applicable Guideline, U.S.S.G. § 2L1.2, is not derived from empirical data.  However, he concedes that his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  He raises the argument solely to preserve it for possible further review.

---

[1] Rodriguez-Alvarez argues that plain error review is inapplicable because objections to the reasonableness of his sentences were not required to preserve his arguments for appeal.  He notes a circuit split regarding the standard of review for substantive-reasonableness claims not raised in the district court.  However, Rodriguez-Alvarez's argument is foreclosed.  *See Peltier*, 505 F.3d at 391-92.  He raises the issue solely to preserve it for possible further review.

No. 15-51081 c/w 15-51100

This court has rejected the arguments that Rodriguez-Alvarez indicates warranted a shorter sentence, namely, that § 2L1.2 lacks an empirical basis, overstates the seriousness of what essentially is a non-violent international trespass, and places too heavy an emphasis on a defendant's criminal history by double counting prior convictions in the offense level and in the criminal history calculation. *See Duarte*, 569 F.3d at 529-31; *Mondragon-Santiago*, 564 F.3d at 366-67; *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Rodriguez-Alvarez argues in light of his advanced age that a shorter sentence should have been imposed for his illegal reentry offense and for revocation of his supervised release.  At sentencing, the district court considered the relevant § 3553(a) factors, the advisory sentencing guidelines and policy guidelines ranges, the facts and mitigating arguments, including Rodriguez-Alvarez's age, and determined, based on Rodriguez-Alvarez's criminal history, that a sentence within the advisory guidelines range for each offense was sufficient to achieve the sentencing goals of § 3553(a).  Rodriguez-Alvarez's disagreement with the propriety of his sentence and the court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his sentences. *See United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Accordingly, Rodriguez-Alvarez has not established plain error.

The judgments of the district court are AFFIRMED.